IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HENRY WEBB,                              )
                                         )
          Plaintiff,                     )          4:04cv3366
                                         )
     vs.                                 )     MEMORANDUM AND ORDER
                                         )
DIAGNOSTIC AND EVALUATION                )
CENTER, et al.,                          )
                                         )
          Defendants.                    )

This matter is before the court on filing no. 19, the Motion to Dismiss filed by the defendants.  The plaintiff, Henry Webb, filed this action while he was an inmate at the Diagnostic and Evaluation Center ("D & E"), a facility within the Nebraska Department of Correctional Services.  The plaintiff, asserting federal civil rights claims pursuant to 42 U.S.C. § 1983, alleges that the medical department of the D & E, the Director and the Warden failed to provide adequate medical treatment for the plaintiff's sleep disorder and dental cavities, in violation of the Eighth Amendment to the United States Constitution.

The defendants contend that the plaintiff has failed to state a claim upon which relief may be granted for violation of the Eighth Amendment, and they seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The court agrees that the facts, as described by the plaintiff, simply do not amount to a violation of the Eighth Amendment. The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).

More specifically, a viable Eighth Amendment claim consists of an objective component and a subjective component. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997): "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." Id.

The objective element of an Eighth Amendment claim requires a deprivation which, viewed objectively, is sufficiently "serious," that is, "the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities;' or the prison official must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation omitted). In the context of medical care, for example, a medical need is "serious" if it "has been diagnosed by a physician as requiring treatment," or is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstead, 73 F.3d 174, 176 (8th Cir. 1995) (citation omitted).

The subjective element of an Eighth Amendment claim requires that an official act with deliberate indifference to inmate health or safety. Deliberate indifference means that the official both was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Deliberate indifference describes a mental state more blameworthy than negligence. A plaintiff is not required to show that the defendant acted for the very purpose of causing harm or with knowledge that harm will certainly result. Id., 511 U.S. at 835. However,

2

"deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003).  See also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003):  "Deliberate indifference is 'a state of mind that is the equivalent of criminal recklessness.'" (Citation omitted.)  Therefore, to satisfy the subjective component  requires a finding of actual knowledge on the part of the defendant.  See Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir. 1997):  "A prison official may be held liable under the Eighth Amendment if he or she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

Differences of opinion, mistakes, and even medical malpractice do not meet the exacting standard of the Eighth Amendment for cruel and unusual punishment.  A plaintiff who alleges no more than his disagreement with the course of treatment provided to him does not demonstrate an Eighth Amendment violation.  See, e.g., Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002):  "At best, [the plaintiff's] allegations state a difference in opinion between himself and his doctors or allege a mistake in classification or treatment. Neither differences of opinion nor medical malpractice state an actionable Constitutional violation."  Accord Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991):  "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  See also Kayser v. Caspari, 16 F.2d 280  (8th Cir. 1994)  (plaintiff's disagreement with the course of treatment provided to him is not a sufficient basis for an Eighth Amendment claim).

In this case, the plaintiff received diagnostic care and treatment.  He complains about the doctor's statement that his sentence would not involve incarceration for a long enough period to resolve his sleep disorder and dental problems.  In fact, the record supports that view and reflects that within five months after filing his complaint, the plaintiff was discharged from custody.

In this case, the complaint contains no factual allegations sufficient to state a claim that the defendants deliberately disregarded an excessive risk to the plaintiff's health or rendered medical care "'so inappropriate as to evidence intentional maltreatment ....'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)(citation omitted).  As the result of the resolution of the foregoing matters, the plaintiff's claims against the defendants will be dismissed with prejudice.

THEREFORE, IT IS ORDERED:

1.      That filing no. 19, the defendants' Motion to Dismiss, is granted; and

2.      That a separate judgment will be entered accordingly.

DATED this 31st day of October, 2005.

BY THE COURT:


s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge